IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-34031-H4-11 |
| | § | |
| GOODCRANE CORPORATION | § | Chapter 11 |
| | § | |
| Debtor | § | |

**TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS APPROVING SECURED SUPERPRIORITY
POST-PETITION FINANCING WITH TEXAS REEXCAVATION LC
PURSUANT TO 11 U.S.C. §364(c)(2) and(d) AND TO GRANT PRIORITY
PURSUANT TO 11 U.S.C. § 364(c)(1)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU
OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING
PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT
AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING
PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE
(21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST
STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A
TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER
NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN
AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES
AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE TRUSTEE HAS FILED A SEPARATE MOTION REQUESTING EMERGENCY
CONSIDERATION.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Janet S. Northrup, Chapter 11 Trustee ("Trustee") of the estate of GoodCrane

Corporation (the "Debtor") files this Emergency Motion for Entry of Interim and Final Orders

Approving Secured Superpriority Post-Petition Financing with Texas Reexcavation Pursuant to

11 U.S.C. §364(c)(2) and (d) and to Grant Priority Pursuant to 11 U.S.C. § 364(c)(1) (the

"Motion"), and shows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(A), (D) and (O).

2.      Venue is proper pursuant to 28 U.S.C. §1409.

## Background

3.      On June 5, 2009, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On June 30, 2009, the Court ordered the appointment of a chapter 11 trustee (docket no. 31).  On July 2, 2009, the Court entered an order appointing the Trustee (docket no. 36).

4.      The Debtor is in the business of designing and manufacturing cranes and deck equipment for marine offshore applications.  The Debtor's operations have continued under the direction of the Trustee and the Court-appointed Chief Restructuring Officer.  Cranes have been constructed and certified, and orders for new cranes have been obtained.

5.      Since her appointment, the Trustee, with the help of the Chief Restructuring Officer, has explored various available options for selling the Debtor's assets.  Significant discussions occurred with several interested purchasers.  After negotiation with several parties, the Trustee entered into an Asset Purchase Agreement with Offshore Energy Holding, L.L.C. ("Offshore"), which was approved by the Court on May 12, 2010 (docket no. 363).  Offshore failed and refused to close under the agreement, causing substantial damage to the bankruptcy estate.  Due to Offshore's failure to close, the Trustee has negotiated with other potential buyers in an effort to mitigate these damages.  The Trustee has signed a Letter of Intent ("LOI") with Texas Reexcavation LC ("Trex") under which, subject to the negotiation of a definitive agreement, bid procedures and Court approval, Trex will acquire substantially all the personal

property assets of the Debtor.  The Trustee is also reviewing and comparing offers from other potential buyers for both the personal property and real property assets of the Debtor.

6.      The LOI provides that Trex has offered to make a loan to the bankruptcy estate in the amount of $250,000 (the "Trex Working Capital Loan"), on the same terms and conditions (to the extent applicable) as those previously approved by the Court when the Trustee obtained postpetition financing from Offshore (docket no. 346).[1]  The Chief Restructuring Officer has advised that cash flow is such that funds will be required to meet the September 2, 2010 payroll. Therefore, the Trustee seeks approval of the Trex Working Capital Loan, to be used solely to sustain operations through the closing of the sale(s) of the Debtor's assets.

### Proposed Post-Petition Financing Facility

7.      After due deliberation and consideration of viable alternatives, the Trustee determined that it is in the best interest of the bankruptcy estate to obtain post-petition financing from Trex pursuant to the terms of the proposed order submitted with this Motion (the "Trex Financing Order").

8.      The bankruptcy estate is unable to obtain unsecured financing; therefore, Trex agrees to extend the Trex Working Capital Loan in return for a super-priority claim under 11 U.S.C. § 364(c)(1) and a first priority lien on property of the estate under 11 U.S.C. §364(c)(2) and (d).  The Trex Working Capital Loan shall be used solely for the purpose of funding the working capital needs of the bankruptcy estate until closing of the sale(s) of the Debtor's assets, and will be secured by all of the assets of the Debtor, subordinate only to the Permitted Liens listed on Schedule 1, which include liens granted under any Memorandum of Understanding or amendment thereto approved by the Court between the Trustee, on the one hand, and Stabbert

---

[1]  Offshore forfeited all right to be repaid the previously-approved financing (docket no. 417).

Marine, CVI Global Lux Oil and Gas S.À.R.L., or Otto Candies, LLC, respectively, on the other hand.  Trex is extending credit in good faith as that term is utilized in 11 U.S.C. § 364.

9.     The Trex Working Capital Loan shall be subordinate to the priority status of the working capital loan previously made by Karl Winter, which has been approved by this Court by interim and final orders on docket nos. 435 and 455 respectively, and subject to all other subordination and restrictions set forth in those orders.

10.     Creditors holding liens on property of the estate will receive adequate protection under 11 U.S.C. §364(d)(1)(B) as such creditors will be paid their allowed secured claims from the proceeds of the sale(s), which proceeds will far exceed any amounts owed on the Trex Working Capital Loan.

11.     The Trustee seeks interim and final orders of the Court approving the loan with Trex to enable the bankruptcy estate to use such loan proceeds for working capital needs until the sale(s) of the assets can be accomplished.  The Trustee and Trex agree to the lending terms and conditions contained in the attached proposed Trex Financing Order.

WHEREFORE, Janet S. Northrup, Trustee respectively requests that this Court enter an interim order as allowed under Federal Rule of Bankruptcy Procedure 4001(c)(2) and a final order after appropriate notice, authorizing her to obtain financing pursuant to the terms of the attached proposed Trex Financing Order, and grant the Trustee such other and further relief as may be appropriate under the circumstances.

DATED:  August 23, 2010.

Respectfully Submitted,

*/s/ Wayne Kitchens*

| Wayne Kitchens | TBN 11541110 |
|---|---|
| wkitchens@hwa.com | |
| Rhonda R. Chandler | TBN 04101600 |
| rchandler@hwa.com | |
| Heather H. McIntyre | TBN 24041076 |
| Hhmcintyre@hwa.com | |

333 Clay, 29th Floor
Houston, Texas 77002
713/759-0818 Phone
713/759-6834 Fax
ATTORNEYS FOR JANET NORTHRUP,
CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served via first class U.S. Mail, postage prepaid, and/or by ECF upon the parties listed on the attached service list on August 23, 2010.

*/s/ Wayne Kitchens*

Wayne Kitchens

## Schedule 1

### Permitted Liens

Liens in favor of taxing authorities for ad valorem and business property taxes in the aggregate approximate amount of $500,000.

Lien in favor of Texas Workforce Commission in the approximate amount of $48,000, as reflected in the State Tax Lien recorded in/under Clerk's File No. 20090074649 in the Real Property Records of Harris County, Texas.

Potential federal tax lien for Section 941 taxes for the period ended 6/30/07, in the approximate amount of $1200.

Mechanics' liens, workmen's liens, carriers' liens, repairmen's liens, and landlord's liens.

Statutory liens for any tax assessment or governmental charge or levy that is not overdue.

Any liens granted in any Memorandum of Understanding approved by the Bankruptcy Court.

# Master Service List

**The Office of the United States Trustee**

Stephen Statham
515 Rusk
Suite 3516
Houston, TX 77002

**Debtor**

GoodCrane Corporation
12221 Almeda Rd.
Houston, TX 77045

**Secured Creditors**

David Elder/Geoffrey H. Bracken
Gardere Wynne Sewell, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002-5011
*Attorney for Oceaneering International, Inc.*

Breia L. Schleuss
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
*Attorney for CVI Global Lux Oil & Gas S.A.R.L.*

and

Marcy E. Kurtz
Bracewell & Giuliani LLP
711 Louisiana Street
Suite 2300
Houston, TX 77002-2770

Lauritzen Tankers, A.S.
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995

Praxair Distribution
4840 Railroad Street
Deer Park, TX 77536

**Twenty Largest Unsecured Creditors**

American Alloy Steel
Jackie Molina
6230 N. Houston Rosslyn
Houston, TX 77091

American International Group
Christopher Jameson
3890 W. Northwest Hwy
Suite 550
Dallas, TX 75220

Corus International
Chris Evett
13135 Dairy Ashford Road
Suite 240
Sugar Land, TX 77478

DRT Fluid Power
Rick Robertson
4491 S. 134th Place
Tukwila, WA 98168

EEW Steel Trading L.L.C.
Duncan Cameron
2901 Wilcrest Drive
Suite 138
Houston, TX 77042

Elliott Electric Supply
Attn: Robert Flores
P.O. Box 630610
Nacogdoches, TX 75963-0610

Gorman Uniform
Juan Gonzalez
9021 Katy Freeway
Houston, TX 77024

H. W. Security Co.
Leonard Dentess
PO Box 450904
Houston, TX 77245

# Master Service List

Ideal Steel
90693 Link Rd.
Eugene, OR 97402

Kennedy Marr
Mark Pascha
56/60 St. John Street, 2nd Flr.
London EC1M 4HG

Nor Offshore
Morten Jelert
29 International Business Park
#05-06 Acer Building Tower B
Singapore, 60992

Rowan Companies, Inc.
Ted Gobillot
2800 Post Oak Blvd., Suite 5450
Houston, TX 77056

Michael Delouche
President of Siem Industries, Inc.
801 Travis Street, Suite 2100
Houston, TX 77002

Counsel for Stemen Environmental, Inc.
Shawn M. Bunce
Jay A. Goldstein Law Office, PLLC
1800 Cooper Pt. Rd. SW, Bldg. 8
Olympia, WA 98502

Trico Marine Services
Ray Hoover, Global Director Technical Services
10001 Woodloch Forest Dr., Suite 610
The Woodlands, TX 77380*

## Other Parties Requesting Notice

Counsel for Otto Candies, LLC
Alfred J. Rufty, III/Jill S. Willhoft
Harris & Rufty, LLC
650 Poydras Street, Suite 2710
New Orleans, LA  70130

Teri H. Kelley
6750 West Loop South, Suite 920
Bellaire, TX  77401

Counsel for Rowan Companies, Inc.
Michael J. Maloney
Maloney Martin, LLP
3401 Allen Parkway, Ste. 100
Houston, TX  77019

Zabel Freeman
Thomas Alan Zabel
420 Heights Blvd.
Houston, Texas 77007

Trico Marine Services, Inc.
R. Patrick Vance/L. Etienne Balart
Jones Walker Waechter Poitevent
 Carriére & Denégre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5011

Counsel for Praxair, Inc.
Scot G. Doyen
Doyen Sebesta, Ltd, LLP
1010 Lamar St., Suite 950
Houston, TX 77002

Praxair, Inc.
39 Old Ridgebury Road.
Danbury, CT 06810
Attn: Legal Department

Counsel for Product Handlings Design, Inc.
Beverly A. Whitley
Bell, Nunnally & Martin, LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, TX 75204-2429

Michael N. Mire
Adams and Reese, LLP
4400 One Houston Center
1221 McKinney Street
Houston, TX 77010

* address changed pursuant to USPS.

# Master Service List

Counsel for CICSA Marine
Peter Johnson
Law Office of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, TX 77046

Shawn M. Bunce
Jay A. Goldstein Law Office, PLLC
1800 Cooper Pt. Rd. SW, Bldg 8
Olympia, WA 98502

Counsel for Harris County
Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Counsel for Cable Moore, Inc.
Grant V. Dunwoody
The Dunwoody Law Firm
2500 Tanglewilde, Suite 150
Houston, TX 77063

Counsel for Oceanografia S.A. de C.V.
Alfred J. Rufty, III/Jill S. Willhoft
Harris & Rufty, LLC
650 Poydras Street, Suite 2710
New Orleans, LA 70130

Kimberly Walsh
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Levi Romero
12221 Almeda Rd.
Houston, TX 77045

Margaret M. McClure
909 Fannin, Suite 3810
Houston, TX 77010

Craig E. Power
Cokinos, Bosien & Young
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, TX 77010

Diane E. Tebelius
LeSourd & Patten, P.S.
600 University Street, Suite 2401
Seattle, WA 98101

Brazoria County, et al.
Michael J. Darlow
Perdue, Brandon, Fielder, et al., LLP
1235 North Loop West, Suite 600
Houston, TX 77008

Counsel for Karl Winter
Harold N. May/Curtis McCreight
May, McCreight & Associates, PLLC
7026 Old Katy Rd., Suite 252
Houston, TX 77024

## Unsecured Creditors Committee Members

Cable Moore, Inc.
Greg Moore
1425 5th Street
Oakland, CA 94607

GHX Industrial, LLC
Attn: Dan Maddox
3440 S. Sam Houston Parkway East
Suite 300
Houston, TX 77047

American Alloy Sourcing Specialists, L.P.
Attn: Al Acock, Jr.
P.O. Box 40469
Houston, TX 77240